UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCCANN, | : |
| Plaintiff, | : CIVIL ACTION |
| vs. | : |
| | : No.: 25-cv- |
| UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUM | : |
| Defendant. | : |

### COMPLAINT

The Plaintiff, John McCann ("Mr. McCann" or "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendant, Unum Life Insurance Company of America d/b/a Unum ("Unum" or "Defendant") and alleges:

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. Mr. McCann was at all times relevant a plan participant under the NewRez, LLC. Long-Term Disability and Life Waiver of Premium Life Insurance benefits with a Group Policy Number 477854 (the "Plan").

3. Upon information and belief, defendant, UNUM, is a corporation with its principal place of business in the State of Maine with a principal mailing address for the purposes of effectuating service of process of 2211 Congress Street, Portland, ME 04122.

4. Upon information and belief, UNUM is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of benefits, UNUM both funded and administered the LTD And LWOP claims with a conflict of interest and the bias this created affected the claims determination.

5. The Plan is an employee welfare benefit plan regulated by ERISA, established for employees of NewRez, LLC. and its affiliates, under which Mr. McCann was a participant, and pursuant to which Mr. McCann is entitled to long-term disability ("LTD") and life waiver of premium ("LWOP") benefits. Pursuant to the terms and conditions of the Plan, Mr. McCann is entitled to LTD and LWOP benefits for the duration of the Plaintiff's disability, for so long as Mr. McCann remains disabled as required under the terms and conditions of the Plan.

6. Venue is proper in this district under 29 USC 1132(e)(2), in that Mr. McCann resides in the Eastern District of the Commonwealth of Pennsylvania. Additionally, Unum is licensed to transact business in the Commonwealth of Pennsylvania.

**FACTUAL BACKGROUND**

7. At all times relevant, Mr. McCann was an employee or former employee of NewRez, LLC and is a plan participant under the terms and conditions of the Plan.

8. During the course of Mr. McCann's employment with NewRez, LLC., Mr. McCann became entitled to benefits under the terms and conditions of the Plan. Specifically, while Mr. McCann was covered under the Plan he suffered a physical disability as a result of Sickness or Injury, the nature of which, due to privacy, is detailed within the administrative record, rendering his disabled as defined under the terms of the Plan.

9. As it relates to Mr. McCann current claim for benefits the Plan defines *"Disability"* as:

"…

*-you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and*

*-you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.*

*You must be under the regular care of a physician in order to be considered disabled.*

*After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.*

*The loss of a professional or occupational license or certification*

3

*does not, in itself constitute disability. "*

10.    The Policy defines "Regular Occupation as meaning:

*"…the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location.*

11.    Mr. McCann's Regular Occupation was that of a Mortgage Loan Officer.

12.    Due to restrictions and limitations arising from a physical "sickness or injury", resulting in "disability" from his "Regular Occupation" as a Mortgage Loan Office, Mr. McCann made a claim to UNUM for benefits under the LTD Plan with a disability onset date on or about November 2022.

13.    Unum approved Mr. McCann's disability benefits and paid his benefits through June 13, 2025.

14.    Via letter dated June 21, 2025, UNUM initially notified Mr. McCann that it was terminating his claim for long-term disability benefits.

15.    Mr. McCann, acting through undersigned counsel timely submitted his mandatory appeal of UNUM's adverse benefit determination.

16.    Via letter dated December 4, 2025, UNUM issued a final determination informing Mr. McCann that his LTD and LWOP appeals were denied and that he had exhausted his administrative remedies.

17.    At all material times hereto and as set forth above, Mr. McCann has continued to provide defendant with medical and other documentation supporting

and confirming his ongoing disability status, as per the terms of the aforementioned policy.

## **CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

18.     Plaintiff incorporates by reference all preceding paragraphs as if fully repeated herein

19.     In reaching its decision to terminate Mr. McCann's LTD and LWOP claims, the defendant's review was biased and selective; and ignored the severity of Mr. McCann's ongoing limitations and restrictions.

20.     Upon information and belief, the defendant violated its contractual obligations to its insured in denying a valid and fully supported claim for benefits.

21.     As set forth hereinabove, the defendant improperly, unjustifiably denied Mr. McCann his disability benefits under the Plan without reasonable basis and based upon faulty, flawed, insufficient and defective information.

22.     As a consequence of defendant's pattern and practice of deliberate repudiation of its policy obligations, Mr. McCann has been deprived of his contractual rights to receive total disability benefits payable under the aforementioned Plan.

23.     As a further consequence of its violation of ERISA and breach of its contractual and legal obligations, the defendant has been unjustly enriched to the substantial detriment of its insured, Mr. McCann.

24.     As a further consequence of defendant's violation of ERISA and breach of its contractual and legal obligations, Mr. McCann has incurred and will

continue to incur a loss of income, including counsel fees, litigation costs and expenses, loss of use of benefits payable and associated interest payments.

25. At all relevant times herein, Mr. McCann has continued to make claims for his LWOP benefit and monthly disability benefits under his disability policy, and he is still owed disability benefits from the onset date of his disability (following the Elimination Period) to the present.

### **REQUEST FOR RELIEF**

WHEREFORE, JOHN MCCANN prays for relief against UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUM as follows:

1. Payment of LTD and LWOP benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability;

3. In the alternative to the relief sought in paragraphs 1-2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

_____
Marc H. Snyder, Esquire (81432)
Tel: (215) 935-1106
msnyder@rms.law
Christopher R. Harris, Esquire (326450)
Tel: (215) 935-1157
charris@rms.law
1300 Virginia Drive, Suite 310
Ft. Washington, PA 19034
Fax : (215) 935-0326
Attorneys for Plaintiff,
John McCann